UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROY JACKSON,

    Plaintiff,

v.

TESLA, INC., et al.,

    Defendants.

Case No. 24-cv-06110-WHO

**ORDER GRANTING MOTION TO COMPEL AND STAY**

Re: Dkt. Nos. 9 and 10

Defendant Tesla, Inc. moves to compel the claims asserted by plaintiff Roy Jackson – based on disability discrimination and wage and hour violations – to arbitration and stay this case. Dkt. No. 10. The motion to compel and stay is GRANTED.

Jackson does not dispute that when he accepted Tesla's offer of employment, he signed both an Offer Letter and separately an Arbitration Agreement. Declaration of Ben Flesch (Dkt. No. 11), Ex. A (Dkt. No. 11-1 "Offer Letter"), Ex. B ("Arbitration Agreement."). The Arbitration Agreement covers all claims "related to" his employment with Tesla. But he opposes the motion to compel and stay, arguing that the Arbitration Agreement is both procedurally and substantively unconscionable. Dkt. No. 16.

Whether a contract is unconscionable is a question of law. *Patterson v. ITT Consumer Fin. Corp.*, 14 Cal. App. 4th 1659, 1663 (Cal. Ct. App. 1993). In California, unconscionability includes an "absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." *Lhotka v. Geographic Expeditions, Inc.*, 181 Cal. App. 4th 816, 821 (Cal. Ct. App. 2010) (citation omitted). Accordingly, unconscionability has both a "procedural" and a "substantive" element. *Id*.

Procedural unconscionability occurs where a contract or clause involves oppression, consisting of a lack of negotiation and meaningful choice, or surprise, such as where the term at

1   issue is hidden within a wordy document. *Id*. "California law treats contracts of adhesion, or at
2   least terms over which a party of lesser bargaining power had no opportunity to negotiate, as
3   procedurally unconscionable to at least some degree." *Bridge Fund Capital Corp. v. Fastbucks*
4   *Franchise Corp.*, 622 F.3d 996, 1004 (9th Cir. 2010). Substantive unconscionability occurs where
5   the provision at issue "reallocates risks in an objectively unreasonable or unexpected manner."
6   *Lhotka*, 181 Cal. App. 4th at 821 (citation omitted). "Substantive unconscionability focuses on the
7   one-sidedness or overly harsh effect of the contract term or clause." *Id*. at 824–25 (citation
8   omitted).

9   Both procedural and substantive unconscionability must be found before a term will be
10  deemed unenforceable, but both need not be present to the same degree. Rather, "the more
11  substantively oppressive the contract term, the less evidence of procedural unconscionability is
12  required to come to the conclusion that the term is unenforceable, and vice versa*.*" *Armendariz v.*
13  *Found. Health Psychcare Servs., Inc*., 24 Cal. 4th 83, 114 (Cal. 2000).

14  Jackson first argues that the Arbitration Agreement is procedurally unconscionable because
15  it was an adhesion contract and he was given less than one day to review, sign, and return the
16  Offer Letter and related Arbitration Agreement or else the job offer would expire. *See* Offer
17  Letter. He points out that in addition to the 3 page Offer Letter and 3 page Arbitration Agreement,
18  he was also required to review and agree to an Employee Non-Disclosure and Inventions
19  Assignment Agreement ("NDIAA") which added to his burden of reviewing and seeking attorney
20  assistance to review the offer package within 24 hours. Oppo. at 5-6.

21  That said, Jackson signed the agreements on the same day it was presented. He has not, in
22  support of his opposition, presented any *evidence* by declaration or otherwise that he wanted to but
23  was unable to consult with an attorney during the 24 hour period, or that he was otherwise rushed
24  into accepting the offer package without being able to understand and consider all relevant terms.
25  Absent such evidence, any procedural unconscionability connected to a job offer made with an
26  arbitration is merely the type of "inherent" pressure that arises with employment offers. *Cisneros*
27  *Alvarez v. Altamed Health Servs. Corp.*, 60 Cal. App. 5th 572, 591 (2021), *as modified* (Mar. 4,
28  2021 (where employee had "a day to review the letter offer and accompanying arbitration

1  agreement," "[t]he agreement is not long, prolix, or complex" and there was no evidence of a
2  language barrier or inability to or intent to consult with a lawyer, employee "has not shown any
3  oppression apart from that inherent in the adhesive nature of the agreement."). It amounts, at
4  most, to a low level or procedural unconscionability that does not make the Arbitration Agreement
5  unenforceable. *See Trend Homes, Inc. v. Superior Ct*., 131 Cal. App. 4th 950, 960 (2005)
6  (assuming "an imbalance of bargaining power" a contract of adhesion has "only a low level of
7  procedural unconscionability" where elements of surprise or misrepresentation are not present)
8  disapproved of on other grounds by *Tarrant Bell Prop., LLC v. Superior Ct*., 51 Cal. 4th 538
9  (2011)).

10  Jackson asserts that the Arbitration Agreement is substantively unconscionable because the
11  applicable JAMS Employment Arbitration Rules and Procedures that govern the Arbitration
12  Agreement do not allow sufficient discovery. *Id*. at 7-8. However, the Arbitration Agreement
13  provides that the JAMS arbitrator "shall have the authority to compel adequate discovery for the
14  resolution of the dispute." Arbitration Agreement. As the California Supreme Court has
15  explained, "[a]llowing the arbitrator to deviate from agreed-upon default discovery limits ensures
16  that neither party will be unfairly hampered in pursuing a statutory claim based on circumstances
17  that arise post-formation. We note that giving the arbitrator authority to expand discovery based
18  on *Armendariz's* requirement is one way the adequacy concern can be addressed." *Ramirez v.*
19  *Charter Commc'ns, Inc*., 16 Cal. 5th 478, 506 (2024). The JAMS rules appliable here provide the
20  arbitrator with authority to require adequate discovery to *address* the claims raised in the
21  arbitration. The Arbitration Agreement is not substantively unconscionable. *See, e.g., Chee v.*
22  *Tesla Inc*., No. 24-CV-00180-TSH, 2024 WL 1898434, at *5 (N.D. Cal. Apr. 30, 2024) (rejecting
23  identical substantive unconscionability argument).

24  Jackson has shown only low level procedural unconscionability and no substantive
25  unconscionability. The Arbitration Agreement is enforceable and the motion to compel is
26  GRANTED.

27  Jackson's claims in this action are STAYED.

28  The Clerk shall administratively close this case. This Order shall not be considered a

dismissal or disposition of this action against any party.  If further proceedings become necessary in this court, any party may initiate them as if this Order had not been entered.

**IT IS SO ORDERED.**

Dated: December 19, 2024



William H. Orrick
United States District Judge